IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES DELK, # 456376,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-01256-NJR |
| ) | |
| **RICHARD WATSON,** ) | |
| **PHILLIP McLAURIN,** ) | |
| **and UNKNOWN PARTY,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff James Delk is currently detained at St. Clair County Jail ("Jail") in Belleville, Illinois. Proceeding *pro se*, he filed a complaint pursuant to 42 U.S.C. § 1983 against numerous St. Clair County officials, including Richard Watson (sheriff), Phillip McLaurin (major), and several unknown jail officials. Plaintiff complains that these officials subjected him to unconstitutional conditions of confinement at the Jail beginning on August 11, 2015. He seeks injunctive relief, in the form of an order requiring the defendants to return him to Block AA of the Jail.

The complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Complaint

On August 11, 2015, Block AA was placed on lockdown for seventy-two hours because the lights in the cell block were damaged. (Doc. 1 at 5). The following day, all thirty inmates in Block AA were ordered to exit their cells and go to the gymnasium wearing only their "whites," *i.e.*, underwear. A female lieutenant informed the inmates that they would return to Block AA within twenty-four hours.

Instead of one day, however, the inmates were held in the gym for at least a month. During that time, the thirty inmates were forced to share a single toilet, eat on the floor, and sleep on the floor in "little boats." They were exposed to "all types of pests" and insect bites, often causing inmates to break out in rashes and contagious skin diseases. (*Id.*). They were denied access to cleaning supplies and prohibited from communicating with their family members for several days at a time. The poor conditions caused some inmates to fight and others to threaten suicide, all in an attempt to get out of the gym. Even after the inmates were taken off of lockdown, they remained in the gym; the major, lieutenant, and several unknown jail officials all claimed that the Jail was waiting for the parts to repair the lights.

After enduring these conditions for a month, Plaintiff prepared the instant complaint on September 10, 2015. In it, he sues Sheriff Watson, Major McLaurin, and unknown jail officials for injunctive relief. (*Id.* at 6). He seeks an order requiring the defendants to return him to Block AA. After preparing his complaint, Plaintiff waited more than two months to file this action. (*Id.*). It is unclear whether he remains housed in the Jail's gymnasium or not. However, Plaintiff did not request a temporary restraining order or a preliminary injunction pursuant to Federal Rule of Civil Procedure 65.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claim in Plaintiff's *pro se* complaint into the following count:

**Count 1:** **Defendants subjected Plaintiff to unconstitutional conditions of confinement at the Jail beginning in August 2015, in violation of his constitutional rights.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of Count 1 does not constitute an opinion regarding its merit.

The applicable legal standard for Plaintiff's claim depends on his status as an arrestee, pretrial detainee, or prisoner during his detention at the Jail. Different constitutional protections extend to an arrestee (Fourth Amendment), pretrial detainee (Fourteenth Amendment), and prisoner (Eighth Amendment) in conditions of confinement cases. Absent any indication of Plaintiff's status, the Court will briefly discuss each of these standards as they apply to this case.

For cases involving a claim of unconstitutional conditions of confinement, the Fourth Amendment governs the period of time between an arrest without a warrant and a probable cause hearing. *Lopez v. City of Chicago*, 464 F.3d 711, 720 (7th Cir. 2006) (citing *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1018 n. 14 (7th Cir. 2000)). Under the Fourth Amendment, an arrestee need only show that "the totality of the defendant's conduct in detaining the arrestee was 'objectively unreasonable' under the circumstances." *Flores v. Lackage*, 938 F. Supp. 2d 759, 775 (N.D. Ill. 2013) (citing *Lopez*, 464 F.3d at 720). Courts consider multiple factors in assessing claims under the Fourth Amendment, including the duration of confinement, the nature and seriousness of the

alleged constitutional violation, and the official's rationale for the deprivations of the arrestee's rights. *Id.*; *Lopez*, 464 F.3d at 720 (analyzing evidence that arrestee was deprived of food, drink, and sleep, and was shackled to a wall and forced to yell for an extended period of time before being allowed to use the restroom). The complaint describes conditions that warrant further review under the Fourth Amendment, given their scope and duration.

More stringent standards apply to claims of pretrial detainees and prisoners. The Due Process Clause of the Fourteenth Amendment governs claims of pretrial detainees. *See Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) (citing *Kingsley v. Hendrickson*, -- U.S. --, 135 S. Ct. 2466, 2475 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013)). A pretrial detainee is entitled to be free from conditions that constitute "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment applies to claims of prisoners and entitles them to freedom from conditions that amount to "cruel and unusual punishment." *Id*. Despite these distinctions, the Seventh Circuit has repeatedly held that claims brought under the Fourteenth Amendment are "appropriately analyzed under the Eighth Amendment. *Dart*, 803 F.3d at 310 (citing *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013) ("[T]he protection afforded under [the Due Process Clause] is functionally indistinguishable from the Eighth Amendment's protection for convicted prisoners."). In both contexts, the alleged conditions must be objectively serious, and the prison official must possess a sufficiently culpable state of mind. *Dart*, 803 F.3d at 309.

The conditions described in the complaint are sufficiently serious under both the Fourteenth and Eighth Amendments to warrant further review of this matter. These conditions include, but are not limited to, a lack of adequate bedding. *See Budd*, 711 F.3d at 842 (citing *Farmer*, 511 U.S. at 834 (citation omitted)). The complaint also describes unsanitary

living and eating conditions, which may "violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd*, 711 F.3d at 842 (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)). Similarly, pest infestations may support a claim under both the Fourteenth and Eighth Amendment if "the degree of infestation rose to the level of constitutional concern."[1] *But see Dart*, 803 F.3d at 312 (dismissing claim based on presence of rodents and insects where pretrial detainee did not describe the scope of the infestation or how it affected him). For screening purposes, the Court finds that the conditions at issue are sufficiently "serious" to trigger constitutional concerns under the Eighth and Fourteenth Amendment.

The analysis does not end there, however. The complaint also must suggest that the defendants possessed a sufficiently culpable state of mind. *Dart*, 803 F.3d at 309. The state of mind is deliberate indifference, which is shown when "the defendant 'possess[ed] a purposeful, a knowing, or possibly a reckless state of mind' with respect to the defendant's actions (or inaction) toward the plaintiff." *Id.* at 309, n. 2 (citing *Davis v. Wessel*, 782 F.3d 793, 801 (7th Cir. 2015) (quoting *Kingsley*, 135 S. Ct. at 2472)). And in the case of high-ranking jail staff, personal involvement in a constitutional deprivation can be inferred where the complaint alleges "potentially systemic," as opposed to "clearly localized," constitutional violations. *Id.* (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996)). The conditions described in the complaint fall into the former category; the conditions persisted for at least thirty days, involved thirty inmates, and, by all indications, were systemic. Therefore, a claim for unconstitutional conditions of confinement arises under the Eighth and Fourteenth Amendments.

---

[1] Although the complaint does not describe the scope of the infestation, it describes the outbreak of "skin diseases" and "spread of germs" that resulted from the infestation. (Doc. 1 at 5).

Regardless of Plaintiff's status as an arrestee, pretrial detainee, or prisoner during the relevant time period, the Court finds that further review of his conditions of confinement claim in Count 1 is warranted. Plaintiff's status and the exact source of constitutional protections afforded to him will be determined in due course.

Because Plaintiff seeks injunctive relief, as opposed to monetary damages, the claim shall only proceed against the person who is responsible for carrying out any injunctive relief that is ordered, *i.e.*, Sheriff Richard Watson, in his official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out). The individual capacity claim against Sheriff Watson shall be dismissed without prejudice. Count 1 shall be dismissed against all other defendants, including Phillip McLaurin and the unknown jail officials, in their individual and official capacities.

Although Count 1 survives preliminary review, it is not clear whether injunctive relief is still available to Plaintiff. Under § 1983, injunctive relief is only proper when there is a continuing violation of federal law. *Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 894 (7th Cir. 2012) (citing *Green v. Mansour*, 474 U.S. 64, 73 (1985)). When there is not, "injunctive relief is not part of a federal court's remedial powers." *Kress*, 694 F.3d at 894 (quoting *Al-Alamin v. Gramley*, 926 F.2d 680, 685 (7th Cir. 1991)). *See also Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Higgason v. Farley*, 83 F.3d 807 (7th Cir. 1996) (same). In other words, a case becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in

the outcome." *Olson v. Brown*, 594 F.3d 577, 580 (7th Cir. 2010) (quoting *United States Parole Comm. v. Geraghty*, 445 U.S. 388, 396 (1980)).

Because Plaintiff waited more than two months to file his complaint, the Court cannot determine whether he is still housed in the Jail's gymnasium. If he is not, his request for injunctive relief may be moot, unless he can demonstrate that he will be exposed to the same conditions at some point in the future. If that is the case, he can seek interim relief under Federal Rule of Civil Procedure 65 by filing a separate motion for temporary restraining order and/or preliminary injunction in the pending action at any time he deems it necessary.

In summary, **Count 1** survives preliminary review under § 1915A and shall proceed against **Sheriff Watson**, but only in his official capacity. Count 1 shall be dismissed without prejudice against Sheriff Watson, in his individual capacity, and against all other defendants, in their individual and official capacities.

## Pending Motion

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which shall be **REFERRED** to a United States Magistrate Judge for a decision.

## Disposition

**IT IS HEREBY ORDERED** that Defendants **RICHARD WATSON (in his individual capacity only)**, **PHILLIP McLAURIN**, and **UNKNOWN PARTY (unknown jail officials)** are **DISMISSED** without prejudice from this action.

**AS TO COUNT 1**, the Clerk of Court shall prepare for Defendant **RICHARD WATSON (in his official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to

Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c),

*should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 10, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**