IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMAU DELK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-1256-JPG-DGW |
| ) | |
| RICHARD WATSON, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Senior United States District Judge J. Phil Gilbert pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss or for Summary Judgment filed by Defendant, Richard Watson, on April 26, 2016 (Doc. 19) and on Plaintiff's failure to Prosecute.  For the reasons set forth below, it is **RECOMMENDED** that the Motion to Dismiss be **GRANTED IN PART**, that the alternative requests for judgment be found as **MOOT**, that this matter be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

Plaintiff, Jamau Delk, filed a Complaint on November 12, 2015 while he was housed at the St. Clair County Jail.  Plaintiff's claims stemmed from an incident on August 11, 2015.  On that date, he and 30 other inmates were moved to the gymnasium so that lights in his cellblock could be repaired.  Instead of remaining in the gym for the initially stated time period of 24 hours, Plaintiff and the others were housed there for at least a month.  They were compelled to share a single toilet, were exposed to pests, denied cleaning supplies, subjected to violence at the hands of other

inmates, and deprived contact with their families. Defendant Watson is the St. Clair County Sheriff. Plaintiff is proceeding on one count: that he was subjected to unconstitutional conditions of confinement at the St. Clair County Jail beginning in August, 2015 (Doc. 7). Because Plaintiff only was seeking injunctive relief, Plaintiff's claim was limited to an official capacity claim against the Sheriff (*Id.*).

The Order entered pursuant to 28 U.S.C. § 1915A on December 10, 2015, advised Plaintiff that he was under a continuing obligation to ensure that the Clerk of Court is appraised of his current mailing address (*Id.*). Plaintiff was warned that "[f]ailure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution" (*Id.*). That Order was mailed to Plaintiff at the St. Clair County Jail and there is no indication in the record that it was not received. On March 4, 2016, a Scheduling Order was entered (Doc. 15). That Order was mailed to Plaintiff at the St. Clair County Jail but was returned to the Clerk of Court as undeliverable (Doc. 17). It appears that the envelope was inadvertently addressed to "James Delk" instead of "Jamau Delk." The Clerk of Court was directed to resend the Scheduling Order using the correct name (Doc. 18). There is no indication in the record that it was not received.

On April 26, 2016, Defendant filed his Motion to Dismiss.[1] Defendant was directed to serve upon Plaintiff a Federal Rule of Civil Procedure 56 Notice, informing Plaintiff of the consequences of failing to respond to Defendant's Motion without evidentiary support (Doc. 22). Thus, Plaintiff was given notice and an opportunity to respond as contemplated by Rule 12(d). Defendant mailed the Rule 56 Notice to Plaintiff at the Menard Correctional Center, where he had

---

[1] Defendant actually sought judgment pursuant to Rule 12(c), and hence Rule 56, notwithstanding the title of his Motion. In his supplement (Doc. 23), Defendant sought judgment by way of dismissal. As set forth below, this Court finds that the requests for judgment are moot, but the request for dismissal should be granted.

discovered Plaintiff was transferred (Doc. 23). It is unclear to the Court whether Defendant had re-served his Motion which was originally served upon Plaintiff at the St. Clair County Jail (Doc. 19, p. 7).

In any event, Plaintiff has been informed that a Motion to Dismiss and/or for Summary Judgment has been filed, he has been notified of the supplement (Doc. 23), which seeks dismissal in light of Plaintiff's transfer to the Menard Correctional Center, and he has been warned of the consequences of failing to respond. And, notwithstanding the Court's admonition that he must update his address, Plaintiff has not submitted a notice of change of address as required by Local Rule 3.1. Plaintiff's failure to respond to the Motion and his failure to follow the Local Rules demonstrates a failure to prosecute this action.

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 41(b) provides that a matter may be dismissed for want of prosecution. As indicated above, Plaintiff has failed to update his address and has failed to respond to a pending dispositive motion. Plaintiff has been made aware of his obligations by the Court and by Defendant but has elected to not participate in this suit. *See Sharif v Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004). As such, Plaintiff is failing to prosecute this matter and it should be dismissed.

In the alternative, it is apparent that Plaintiff has been transferred to the Menard Correctional Center where he will be incarcerated until at least June 1, 2020. As noted in this Court's previous Order,

> Under § 1983, injunctive relief is only proper when there is a continuing violation of federal law. *Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 894 (7th Cir. 2012) (citing *Green v. Mansour*, 474 U.S. 64, 73 (1985)). When there is not, "injunctive relief is not part of a federal court's remedial powers." *Kress*, 694 F.3d at 894 (quoting *Al-Alamin v. Gramley*, 926 F.2d 680, 685 (7th Cir. 1991)). *See also Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks

> injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Higgason v. Farley*, 83 F.3d 807 (7th Cir. 1996) (same). In other words, a case becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Olson v. Brown*, 594 F.3d 577, 580 (7th Cir. 2010) (quoting *United States Parole Comm. v. Geraghty*, 445 U.S. 388, 396 (1980)).

> (Doc. 7, pp. 6-7).

Plaintiff has been transferred from the St. Clair County Jail and there is no evidence that he will be re-incarcerated at the jail. *See Higgason*, 83 F.3d at 808. Therefore, Plaintiff's request for relief is moot and this matter should be **dismissed**. It is unnecessary to consider Defendant's alternative grounds for judgment.

RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion to Dismiss filed by Defendant, Richard Watson, on April 26, 2016 (Doc. 19) be **GRANTED IN PART and MOOTED IN PART**, that this matter be **DISMISSED** as set forth above, and that the Court adopt the foregoing findings of fact and conclusions of law.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff at the Menard Correctional Center: Mr. Jamau Delk, #Y13093, Menard Correctional Center – Reception, P.O. Box #1000. Menard, IL 62259

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: December 12, 2016**

　　　　　　　　　　　　　　　　　　　　**DONALD G. WILKERSON**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**